JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8703**

------------------------------------------------------------X
MING HUA INTERNATIONAL SHIPPING CO.,

               Plaintiff,                          07 Civ. _____

    - against -                                            ECF CASE

AIHE SHIPPING CO. LTD. AND KINGDOM
CONSULTING (SERVICE) CO. LTD.,

               Defendants.
------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, MING HUA INTERNATIONAL SHIPPING CO., ("Plaintiff") by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, AIHE SHIPPING CO. LTD. ("AIHE") AND KINGDOM CONSULTING (SERVICE) CO. LTD. ("KINGDOM") (collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law.

3. Upon information and belief, Defendant AIHE was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Hong Kong.

4. Upon information and belief, Defendant Kingdom was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

5. At all material times Plaintiff was the Owner of the ocean going motor vessel "HONG CHANG"(hereinafter the "Vessel").

6. Pursuant to a charter party dated May 8, 2006, Plaintiff chartered the Vessel to Defendant AIHE for a voyage from Dalian, China to Fukuyama, Japan.

7. Under the charter party, it was specifically agreed that Defendant AIHE (as charterers) would be responsible for lashing/separation/dunnage of the cargo.

8. During the course of the charter, disputes arose between the parties stemming from damage allegedly caused to the cargo due to improper stowage and lashing.

9. Various allegations were raised by the cargo receivers with regards to the alleged damaged condition of the cargo.

10. The cargo receivers then arrested a sister vessel of the "HONG CHANG" to obtain security for their claims.

11. Despite the fact that Defendant AIHE is wholly or substantially liable for the alleged cargo damage pursuant to the charter party, the receivers, pursuant to the bills of lading issued by the Plaintiff, are entitled to raise their cargo claims in the first instance against the Vessel and the Plaintiff as Vessel Owners.

12. In order to release the sister vessel from arrest, Plaintiff provided security for the cargo receivers claim in the amount of JPY 4,142,140, approximately $34,000.00, plus interests and costs. *See Bail Bond annexed hereto as Exhibit "1."*

13. Plaintiff is entitled to recover from Defendant AIHE the cargo claims/damages asserted against it by the cargo receivers, for which the Defendant AIHE is wholly or substantially liable, as an indemnity under charter party.

14. As a result of the alleged damage to the cargo for which Defendant AIHE is wholly or substantially liable under the charter party, Plaintiff has and will suffer losses resulting from claims asserted by cargo receivers in the principal amount of $34,000.00, exclusive of interest, reasonable attorney's fees and arbitration costs to be incurred in the arbitration to recover said costs against Defendant AIHE.

15. Pursuant to the charter party contract, all disputes between the parties are to be referred to the Hong Kong Maritime Arbitration Commission for arbitration in accordance with existing arbitration rules of the Commission with English Law to apply.

16. Despite due demand, AIHE has failed to pay the amounts due and owing under the charter party.

17. As a result, Plaintiff has commenced arbitration on its claims.

18. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in Hong Kong arbitration:

| | | |
|---|---|---:|
| A. | Principal claim: | $34,000.00 |
| B. | Interest on claims:<br>3 years at 6.5%, compounded quarterly | $7,255.86 |
| C. | Attorney's fees and expenses: | $45,000.00 |
| D. | Recoverable arbitration costs/expenses: | $25,000.00 |
| **Total** | | **$111,255.86** |

19. Upon information and belief, Defendant AIHE uses Defendant Kingdom as a "paying/receiving agent" or "pass through" entity such that it can insulate itself from creditors relating to its contracts, or vice versa.

20. It is not general practice in the maritime community, nor any where else, for independent companies to make or receive large payments on behalf of other independent companies.

21. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

22. Upon information and belief, Kingdom sends payments on AIHE's behalf where Kingdom has absolutely no contractual relationship to AIHE's creditors.

23. Upon information and belief, Defendant Kingdom made a freight payment due from AIHE under the charter party where Kingdom had no contractual relationship to Plaintiff.

24. In the further alternative, Defendants are partners and/or joint venturers.

25. In the further alternative, Defendants are affiliated companies such that Kingdom is now, or will soon be, holding assets belonging to AIHE, or vice versa.

26. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

27. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by

the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That pursuant to 9 U.S.C. §§ 201. *et seq.* this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount **$111,255.86** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

E. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

F. That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

    G.    That this Court award Plaintiff its attorney's fees and costs of this action; and

    H.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: October 9, 2007
       Southport, CT

                      The Plaintiff,
                      MING HUA INTERNATIONAL SHIPPING CO.,

By: _____
Nancy R. Peterson
Patrick F. Lennon
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
nrp@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Southport
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      October 9, 2007
            Southport, CT

                                        _____
                                        Nancy R. Peterson

EXHIBIT "1"

HCAJ 49/2007

# IN THE HIGH COURT OF THE
# HONG KONG SPECIAL ADMINISTRATIVE REGION
# COURT OF FIRST INSTANCE
# ADMIRALTY ACTION NO. 49 OF 2007

Admiralty Action in rem against: the ship or vessel "HONG CHANG" and the other ships or vessels as more particularly described in Schedule 'A' annexed hereto

BETWEEN

|  |  |
|---|---|
| The Owners and/or those entitled to sue in respect of a cargo lately laden on board the ship or vessel "HONG CHANG" | Plaintiffs |

and

|  |  |
|---|---|
| The owners and/or demise charterers of the ship or vessel "HONG CHANG" and the owners of the ships or vessels as particularized in Schedule 'A' annexed hereto | Defendants |

## BAIL BOND
## (O.75 R.16(1))

WHEREAS this Admiralty action in rem against the above-mentioned property is pending in the High Court and the parties to the said action are the above-mentioned Plaintiffs and Defendants.

NOW, THEREFORE, WE QBE HONGKONG AND SHANGHAI INSURANCE LIMITED of 17th Floor, Warwick House, West Wing, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong hereby submit ourselves to the jurisdiction of the said Court and agree that if they, the above-mentioned Defendants, do not pay what may be adjudged against them in this action, with costs, or do not pay any sum due to be paid by them in consequence of any admission of liability therein or under any agreement by which this

1

action is settled before judgment and which is filed in the said Court, execution may issue against us, our executors or administrators, goods and chattels, for the amount unpaid or an amount of US$34,000 (say, United States Dollars Thirty Four Thousand only) plus interest and costs whichever is the less.

For and on behalf of
QBE Hongkong and Shanghai Insurance Limited

This Bail Bond was signed by Wong Chi Fai, Wilson for and on behalf of QBE Hongkong and Shanghai Insurance Limited, the surety, the 11th day of April 2007.

Before me,

**WONG CHING YAN**
Solicitor, Hong Kong SAR
STEPHENSON HARWOOD & LO

2

## NOTE OF PROTEST

TAKE NOTICE THAT this bail is put up by QBE Hongkong and Shanghai Insurance Limited strictly without prejudice to any and all rights of the Defendants including but not limited to applying to set aside the Writ herein on the grounds that this Honourable Court has no jurisdiction over the Vessel(s) in respect of the claims herein against the Defendants and/or dispute the jurisdiction of this Honourable Court under Order 12 Rule 8 of RHC.

As a consequence, this bail bond is not to be treated as, nor otherwise construed to be, a submission to the jurisdiction of this Honourable Court and/or an admission of liability to the Plaintiffs and nor should this bail bond be taken as a waiver of the Defendants' rights. All rights are accordingly reserved.



For and on behalf of
QBE Hongkong and Shanghai Insurance Limited

Before me,

**WONG CHING YAN**
Solicitor, Hong Kong SAR
STEPHENSON HARWOOD & LO

3

HCAJ 49/2007

# IN THE HIGH COURT OF THE
# HONG KONG SPECIAL ADMINISTRATIVE REGION
# COURT OF FIRST INSTANCE
# ADMIRALTY ACTION NO. 49 OF 2007

Admiralty Action in rem against: the ship or vessel "HONG CHANG" and the other ships or vessels as more particularly described in Schedule 'A' annexed hereto

BETWEEN

The Owners and/or those entitled to sue in respect of a cargo lately laden on board the ship or vessel "HONG CHANG"

Plaintiffs

and

The owners and/or demise charterers of the ship or vessel "HONG CHANG" and the owners of the ships or vessels as particularized in Schedule 'A' annexed hereto     Defendants

---

**BAIL BOND**
**(O.75 R.16(1))**

---

Dated this 11th day of April 2007
Filed this _12th_ day of April 2007

**DIBB LUPTON ALSOP**
Solicitors for the Defendants
40/F, Bank of China Tower
1 Garden Road, Central
Hong Kong
Tel:   2103 0808
Fax:   2810 1345
Ref:   KC/WL/new
C:\NrPortbl\HKMATTERS\LAWS\246656_1.DOC